FILED IN OPEN COURT
ON 10-14-2026
Peter A. Moore, Jr., Clerk
US District Court
Eastern District of NC
JAA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:26-CR-218-1
No. 5:26-CR-218-2
No. 5:26-CR-218-3
No. 5:26-CR-218-4
No. 5:26-CR-218-5

UNITED STATES OF AMERICA )
)
v. )
)
BRIAN AGEE )
a/k/a "B" )
ARNISE LECRESHA YOUNG )
FRANK RAYVONE HARRIS )
a/k/a "FATBOY" )
ANTONIQUE WHITAKER )
CHRISTIAN SHEDETTA ATKINSON )
a/k/a "CHRISTY" )

**INDICTMENT**

COUNT ONE

Beginning on a date unknown, but no later than on or about January 17, 2024, and continuing at least through on or about September 16, 2024, in the Eastern District of North Carolina and elsewhere, the defendants, BRIAN AGEE a/k/a "B," FRANK RAYVONE HARRIS a/k/a "FATBOY," ARNISE LECRESHA YOUNG, ANTONIQUE WHITAKER, and CHRISTIAN SHEDETTA ATKINSON a/k/a "CHRISTY," did knowingly combine, conspire, confederate, agree, and have a tacit understanding with each other and others, known and unknown to the Grand Jury, to receive from another person any firearm in and otherwise affecting commerce,

knowing and having reasonable cause to believe that such receipt would constitute a felony, in violation of Title 18, United States Code, Sections 933(a)(2) and (a)(3).

## COUNT TWO

On or about January 17 and 19, 2024, in the Eastern District of North Carolina and elsewhere, the defendants, BRIAN AGEE a/k/a "B" and ARNISE LECRESHA YOUNG, aiding and abetting another known to the Grand Jury, in connection with the acquisition and attempted acquisition of a firearm from a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did knowingly make a false and fictitious written statement that was intended and likely to deceive the said dealer with respect to a fact material to the lawfulness of the sale and disposition of the firearm to the person known to the Grand Jury, in that the person known to the Grand Jury did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transactions Record, to the effect that he was the true purchaser of the firearm, when in fact as the defendants knew, he was not the true purchaser, in violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2), and 2.

[The remainder of this page is intentionally blank.]

COUNT THREE

On or about January 19, 2024, in the Eastern District of North Carolina and elsewhere, the defendants, BRIAN AGEE a/k/a "B" and ARNISE LECRESHA YOUNG, aiding and abetting each other, did receive from another person, in and otherwise affecting commerce, a firearm, knowing and having reasonable cause to believe that such receipt would constitute a felony, in violation of Title 18, United States Code, Sections 933(a)(2) and 2.

COUNT FOUR

On or about January 23, 2024, in the Eastern District of North Carolina and elsewhere, the defendants, BRIAN AGEE a/k/a "B" and ARNISE LECRESHA YOUNG, aiding and abetting another known to the Grand Jury, in connection with the acquisition and attempted acquisition of one or more firearms from a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did knowingly make a false and fictitious written statement that was intended and likely to deceive the said dealer with respect to a fact material to the lawfulness of the sale and disposition of one or more firearms to the person known to the Grand Jury, in that the person known to the Grand Jury did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transactions Record, to the effect that he was the true purchaser of one or more firearms, when in fact as the defendants knew, he was not the true purchaser, in violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2), and 2.

COUNT FIVE

On or about January 23, 2024, in the Eastern District of North Carolina and elsewhere, the defendants, BRIAN AGEE a/k/a "B" and ARNISE LECRESHA YOUNG, aiding and abetting each other, did receive from another person, in and otherwise affecting commerce, one or more firearms, knowing and having reasonable cause to believe that such receipt would constitute a felony, in violation of Title 18, United States Code, Sections 933(a)(2) and 2.

COUNT SIX

On or about January 29 and February 2, 2024, in the Eastern District of North Carolina and elsewhere, the defendants, BRIAN AGEE a/k/a "B" and ARNISE LECRESHA YOUNG, aiding and abetting another known to the Grand Jury, in connection with the acquisition and attempted acquisition of one or more firearms from a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did knowingly make a false and fictitious written statement which was intended and likely to deceive the said dealer with respect to a fact material to the lawfulness of the sale and disposition of one or more firearms to the person known to the Grand Jury, in that the person known to the Grand Jury did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transactions Record, to the effect that he was the true purchaser of one or more firearms, when in fact as the defendants knew, he was not the true

purchaser, in violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2), and 2.

COUNT SEVEN

On or about February 2, 2024, in the Eastern District of North Carolina and elsewhere, the defendants, BRIAN AGEE a/k/a "B" and ARNISE LECRESHA YOUNG, aiding and abetting each other, did receive from another person, in and otherwise affecting commerce, one or more firearms, knowing and having reasonable cause to believe that such receipt would constitute a felony, in violation of Title 18, United States Code, Sections 933(a)(2) and 2.

COUNT EIGHT

On or about August 5 and 14, 2024, in the Eastern District of North Carolina and elsewhere, the defendants, BRIAN AGEE a/k/a "B" and ARNISE LECRESHA YOUNG, aiding and abetting another known to the Grand Jury, in connection with the acquisition and attempted acquisition of one or more firearms from a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did knowingly make a false and fictitious written statement which was intended and likely to deceive the said dealer with respect to a fact material to the lawfulness of the sale and disposition of one or more firearms to the person known to the Grand Jury, in that the person known to the Grand Jury did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms

Transactions Record, to the effect that he was the true purchaser of one or more firearms, when in fact as the defendants knew, he was not the true purchaser, in violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2), and 2.

COUNT NINE

On or about August 14, 2024, in the Eastern District of North Carolina and elsewhere, the defendants, BRIAN AGEE a/k/a "B" and ARNISE LECRESHA YOUNG, aiding and abetting each other, did receive from another person, in and otherwise affecting commerce, one or more firearms, knowing and having reasonable cause to believe that such receipt would constitute a felony, in violation of Title 18, United States Code, Sections 933(a)(2) and 2.

COUNT TEN

On or about August 7 and 29, 2024, in the Eastern District of North Carolina and elsewhere, the defendants, BRIAN AGEE a/k/a "B," ARNISE LECRESHA YOUNG, ANTONIQUE WHITAKER, and CHRISTIAN SHEDETTA ATKINSON a/k/a "CHRISTY," aiding and abetting each other, in connection with the acquisition and attempted acquisition of one or more firearms from a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did knowingly make a false and fictitious written statement which was intended and likely to deceive the said dealer with respect to a fact material to the lawfulness of the sale and disposition of one or more firearms to CHRISTIAN SHEDETTA ATKINSON a/k/a "CHRISTY,"

in that CHRISTIAN SHEDETTA ATKINSON a/k/a "CHRISTY" did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transactions Record, to the effect that she was the true purchaser of one or more firearms, when in fact as the defendants knew, she was not the true purchaser, in violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2), and 2.

## COUNT ELEVEN

On or about August 29, 2024, in the Eastern District of North Carolina and elsewhere, the defendants, BRIAN AGEE a/k/a "B," ARNISE LECRESHA YOUNG, and ANTONIQUE WHITAKER, aiding and abetting each other, did receive from another person, in and otherwise affecting commerce, one or more firearms, knowing and having reasonable cause to believe that such receipt would constitute a felony, in violation of Title 18, United States Code, Sections 933(a)(2) and 2.

## COUNT TWELVE

On or about September 9 and 16, 2024, in the Eastern District of North Carolina and elsewhere, the defendants, BRIAN AGEE a/k/a "B," ARNISE LECRESHA YOUNG, and ANTONIQUE WHITAKER, aiding and abetting another known to the Grand Jury, in connection with the acquisition and attempted acquisition of one or more firearms from a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did knowingly make a false and

fictitious written statement which was intended and likely to deceive the said dealer with respect to a fact material to the lawfulness of the sale and disposition of one or more firearms to the person known to the Grand Jury, in that the person known to the Grand Jury did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transactions Record, to the effect that he was the true purchaser of one or more firearms, when in fact as the defendants knew, he was not the true purchaser, in violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2), and 2.

## COUNT THIRTEEN

On or about September 16, 2024, in the Eastern District of North Carolina and elsewhere, the defendants, BRIAN AGEE a/k/a "B," ARNISE LECRESHA YOUNG, and ANTONIQUE WHITAKER, aiding and abetting each other, did receive from another person, in and otherwise affecting commerce, one or more firearms, knowing and having reasonable cause to believe that such receipt would constitute a felony, in violation of Title 18, United States Code, Sections 933(a)(2) and 2.

[The remainder of this page is intentionally blank.]

FORFEITURE NOTICE

Notice is hereby given that all right, title, and interest in the property described herein is subject to forfeiture.

Upon conviction of any violation of the Gun Control Act, the National Firearms Act, or any other offense charged herein that involved or was perpetrated in whole or in part by the use of firearms or ammunition, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d), 18 U.S.C. § 934, and/or 26 U.S.C. § 5872, as made applicable by 28 U.S.C. § 2461(c), any and all firearms and ammunition that were involved in or used in a knowing or willful commission of the offense, or that were intended to be used in any offense identified in 18 U.S.C. § 924(d)(3), or, pursuant to 18 U.S.C. § 3665, that were found in the possession or under the immediate control of the defendant at the time of arrest.

The forfeitable property includes, but is not limited to, the following:

1) One Century Arms Micro Draco firearm bearing serial number 23PMD-43397 that was transferred to a person known to the Grand Jury on or about January 19, 2024;

2) One Century Arms Micro Draco firearm bearing serial number 23PMD-43228 that was transferred to a person known to the Grand Jury on or about January 23, 2024;

3) One Springfield XDM Elite firearm bearing serial number BE318193 that was transferred to a person known to the Grand Jury on or about January 23, 2024;

4) One Glock 23 Gen 5 firearm bearing serial number BVNR024 that was transferred to a person known to the Grand Jury on or about February 2, 2024;

5) One Century Arms Micro Draco firearm bearing serial number 23PMD-43493 that was transferred to a person known to the Grand Jury on or about February 2, 2024;

6) One Glock 29 Gen 4 firearm bearing serial number AGXM805 that was transferred to a person known to the Grand Jury on or about February 23, 2024;

7) One Glock 29 Gen 5 firearm bearing serial number CCRS271 that was transferred to CHRISTIAN SHEDETTA ATKSINON a/k/a "CHRISTY" on or about February 26, 2024;

8) One Glock 29 Gen 5 firearm bearing serial number CCRT543 that was transferred to CHRISTIAN SHEDETTA ATKINSON a/k/a "CHRISTY" on or about February 26, 2024;

9) One Glock 30 Gen 5 firearm bearing serial number CCXZ100 that was transferred to a person known to the Grand Jury on or about July 16, 2024;

10) One Glock 33 Gen 4 firearm bearing serial number CCFH243 that was transferred to a person known to the Grand Jury on or about July 16, 2024;

11) One Glock 26 Gen 5 firearm bearing serial number AKKG729 that was transferred to a person known to the Grand Jury on or about July 16, 2024;

12) One Glock 33 Gen 4 firearm bearing serial number CCFH249 that was transferred to a person known to the Grand Jury on or about August 14, 2024;

13) One Springfield XDM Elite firearm bearing serial number BB215718 that was transferred to a person known to the Grand Jury on or about August 14, 2024;

14) One Glock 29 Gen 4 firearm bearing serial number CBBP055 that was transferred to a person known to the Grand Jury on or about August 14, 2024;

15) One Century Arms Micro Draco firearm bearing serial number USD002298 that was transferred to a person known to the Grand Jury on or about August 14, 2024;

16) One Glock 26 Gen 3 firearm bearing serial number CBVZ223 that was transferred to a person known to the Grand Jury on or about August 14, 2024;

17) One Glock 29 Gen 4 firearm bearing serial number CCPH608 that was transferred to a person known to the Grand Jury on or about August 14, 2024;

18) One Glock 29 Gen 4 firearm bearing serial number CCPH609 that was transferred to CHRISTIAN SHEDETTA ATKINSON a/k/a "CHRISTY" on or about August 29, 2024;

19) One Glock 30 Gen 5 firearm bearing serial number CDRF618 that was transferred to CHRISTIAN SHEDETTA ATKINSON a/k/a "CHRISTY" on or about August 29, 2024;

20) One Century Arms Micro Draco firearm bearing serial number USD002244 that was transferred to CHRISTIAN SHEDETTA ATKINSON a/k/a "CHRISTY" on or about August 29, 2024;

21) One Glock 26 Gen 3 firearm bearing serial number BWHW068 that was transferred to CHRISTIAN SHEDETTA ATKINSON a/k/a "CHRISTY" on or about August 29, 2024;

22) One Glock 33 Gen 4 firearm bearing serial number CCPN168 that was transferred to CHRISTIAN SHEDETTA ATKINSON a/k/a "CHRISTY" on or about August 29, 2024;

23) One Glock 21 Gen 5 firearm bearing serial number AKDC934 that was transferred to CHRISTIAN SHEDETTA ATKINSON a/k/a "CHRISTY" on or about August 29, 2024;

24) One Century Arms Micro Draco firearm bearing serial number USD002260 that was transferred to a person known to the Grand Jury on or about September 16, 2024;

25) One Century Arms Micro Draco firearm bearing serial number USD002239 that was transferred to a person known to the Grand Jury on or about September 16, 2024;

26) One FN 510T firearm bearing serial number BBP0064214 that was transferred to a person known to the Grand Jury on or about September 16, 2024;

27) One Glock 22 Gen 5 firearm bearing serial number CCCF002 that was transferred to a person known to the Grand Jury on or about September 16, 2024;

28) One Glock 26 Gen 5 firearm bearing serial number AKNS116 that was transferred to a person known to the Grand Jury on or about September 16, 2024;

29) One Glock 33 Gen 4 firearm bearing serial number CCPN004 that was transferred to a person known to the Grand Jury on or about September 16, 2024; and

30) Any and all ammunition associated with the above-described firearms.

If any of the above-described forfeitable property, as a result of any act or omission of a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p),

to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

A TRUE BILL

REDACTED VERSION

Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

Foreperson

Date: 10/14/26

W. ELLIS BOYLE
United States Attorney

H. Brent McKnight Jr.
H. BRENT MCKNIGHT, JR.
Assistant United States Attorney
Criminal Division